KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
office: (702) 385-5534
facsimile: (702) 385-1869
email: ktkennedylaw@gmail.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMY LEWIS, Individually, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| CLARK COUNTY SCHOOL DISTRICT, a Nevada political entity; DOES 1-10, inclusive; ROE CORPORATIONS 1-10, inclusive, | ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**
**Jury Trial Demanded**

COMES NOW, the Plaintiff, AMY LEWIS, by and through her undersigned counsel, KIRK T. KENNEDY, ESQ., who files this Complaint against the Defendant and would allege as follows:

1. Plaintiff, AMY LEWIS, is a resident of Clark County, Nevada and did so reside herein during all events complained of in this action.

2. Defendant, CLARK COUNTY SCHOOL DISTRICT, is a Nevada political entity which did so operate herein during all events complained of in this action.

3. Defendant named herein is an employer within the jurisdictional coverage of the Americans with Disabilities Act and under Nevada's anti-discrimination statues.

4. Plaintiff is unaware of the true names and capacities of defendants sued herein as Does 1-10 and Roe Corporations 1-10, and will amend her complaint to show their true names and capacities when the same are ascertained. Plaintiff is informed and believes and

1

thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.  Plaintiff is further informed and believes and thereon alleges that at all times herein mentioned each and every defendant was the agent and employee of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment. Each defendant, in doing the acts alleged herein, was acting with the consent, permission and authorization of each of the remaining defendants.

5.  Plaintiff timely submitted a charge of discrimination with the Equal Employment Opportunity Commission(34B-2016-00698).  The Equal Employment Opportunity Commission assumed jurisdiction over Plaintiff's charge and notice of the charge was served upon the Defendant per statutory requirements.

6.  On or about January, 2017, Plaintiff received a "notice of right to sue" letter which was issued from the Equal Employment Opportunity Commission.

7.  Both jurisdiction and venue are appropriate as all events occurred in Clark County, Nevada; the Defendant operates in Nevada; and jurisdiction is predicated upon a federal cause of action under the Americans with Disabilities Act (ADA).

8.  Plaintiff, a female, has been an employee of the Defendant from November, 2005, to the present, wherein she is employed as an Office Specialist.  She was formerly working at the Defendant's Cheyenne High School for ten years, until approximately August, 2016.

9.  During the relevant times stated herein, Plaintiff suffers from diagnosed bi-lateral carpel tunnel syndrome and rheumatoid arthritis, since on or about 2015, which are physical disabilities under ADA based standards, however, the Plaintiff can perform the essential functions of her position and has remained qualified for her position with the Defendant subject to a reasonable accommodation.

10.  Plaintiff endured various forms of discriminatory conduct based on her disability from the Defendant, which consists of unfair criticisms, the adverse alteration of her work position and duties; unfair negative evaluations and reviews; unequal treatment, disparate

treatment as opposed to other similarly situated employees of the Defendant; the denial of various workplace rights and protections by the Defendant; retaliatory conduct directed at the Plaintiff and other adverse conduct in violation of the ADA and federal law.

11. The adverse treatment directed at Plaintiff by the Defendant includes, but is not limited to:

a. The Defendant failing to offer or maintain a reasonable accommodation for Plaintiff;

b. The Defendant failing to engage in an interactive dialogue, as required by the ADA, upon notice of Plaintiff's documented disability condition;

c. The Defendant adversely altered Plaintiff's job duties by failing to provide a reasonable accommodation for her disability condition;

d. The Defendant has retaliated against Plaintiff by taking the adverse action of a job transfer to a new school assignment, wherein Defendant involuntarily transferred Plaintiff to a new job location after Defendant was on notice of Plaintiff's disability condition, said transfer effectively moved Plaintiff from a school that she had worked for over ten years to a new location, without justification or valid excuse.

e. At all times, the Plaintiff has remained qualified for her position and that she can perform the essential functions of her job, however the Defendant has refused to following the ADA mandates by failing to engage in an interactive dialogue; failing to offer a reasonable accommodation; by engaging in retaliatory conduct and overall failing to adhere to state and federal law.

12. Defendant and its agents have failed to protect Plaintiff from harm caused by the discriminatory conduct noted herein, despite being on notice of the wrongful conduct.

13. Plaintiff has suffered harm and damages as a result of Defendant's conduct as set forth herein in an amount according to proof at trial.

# FIRST CLAIM FOR RELIEF
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT and NEVADA LAW

14. Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff, a female, with a disability condition which was documented in 2015, has been subjected to regular and frequent acts of discrimination, harassment, retaliation, threats and unequal treatment in an overall hostile work environment, as a result of conduct and actions of the Defendant and its agents, said conduct in violation of the Americans with Disabilities Act and Nevada state law. This conduct includes, *but is not limited to*, Plaintiff suffering disability based harassment and discriminatory conduct from agents of the Defendant, from which the Defendant failed to take any reasonable steps to protect Plaintiff; Plaintiff suffering unequal and disparate treatment as opposed to her co-workers and caused by agents of the Defendant; Plaintiff suffering an overall hostile work environment and harassment caused by actions and conduct of agents of the Defendant; Plaintiff suffering retaliatory conduct by the Defendants, who have failed to provide or acknowledge a reasonable accommodation for her disability condition; the Defendant failing to offer a reasonable accommodation to the Plaintiff despite her ability to complete the essential functions of her job and that she is qualified for her position; and other adverse harm.

16. The adverse treatment directed at Plaintiff by the Defendant includes, but is not limited to:

a. The Defendant failing to offer or maintain a reasonable accommodation for Plaintiff;

b. The Defendant failing to engage in an interactive dialogue, as required by the ADA, upon notice of Plaintiff's documented disability condition;

c. The Defendant adversely altered Plaintiff's job duties by failing to provide a reasonable accommodation for her disability condition;

d. The Defendant has retaliated against Plaintiff by taking the adverse action of a job

transfer to a new school assignment, wherein Defendant involuntarily transferred Plaintiff to a new job location after Defendant was on notice of Plaintiff's disability condition, said transfer effectively moved Plaintiff from a school that she had worked for over ten years to a new location, without justification or valid excuse.

e.  At all times, the Plaintiff has remained qualified for her position and that she can perform the essential functions of her job, however the Defendant has refused to following the ADA mandates by failing to engage in an interactive dialogue; failing to offer a reasonable accommodation; by engaging in retaliatory conduct and, overall, by failing to adhere to state and federal law.

17.  As a direct and proximate result of the Defendant's actions, Plaintiff suffered harm and damages in an amount according to proof at trial.

Furthermore, to the extent that the Defendant's conduct was malicious and oppressive in form, Plaintiff seeks an award of punitive damages in an amount sufficient to punish and deter the Defendant to be determined according to proof at trial.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

18.  Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19.  Defendant was responsible for the supervision and employment of its agents to insure that said agents performed their duties and functions in accordance with state and federal law.

20.  Defendant was placed on notice of the disability based discrimination and harassing conduct being directed against Plaintiff, however Defendant negligently, willfully, carelessly and recklessly failed to properly supervise its agents allowing harm to Plaintiff.

21.   As a direct and proximate result of this negligent supervision by Defendant, Plaintiff suffered harm and damages in an amount according to proof at trial.  Furthermore, to the extent that the Defendant's conduct was malicious and oppressive in form, Plaintiff seeks an award of punitive damages in an amount sufficient to punish and deter the Defendant

to be determined according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For compensatory damages, including, but not limited to, future pecuniary losses, physical and emotional pain and suffering, physical discomfort, inconvenience, mental anguish and loss of enjoyment of life in a sum according to proof at trial.

2. For punitive and exemplary damages according to proof at trial.

3. For back pay and interest on back pay and front pay, if appropriate according to proof.

4. For loss of employment related benefits, including health care and retirement, if appropriate according to proof.

5. For reasonable attorney's fees incurred herein.

6. For costs of suit and prejudgment interest.

7. For such other and further relief deemed appropriate by this Court.

Dated this 3rd day of March, 2017.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

**JURY TRIAL DEMAND**

Pursuant to FRCP 38, Plaintiff does hereby demand a trial by jury of all issues and claims raised in this Complaint.

Dated this 3rd day of March, 2017.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff